UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN O. SWAYZE,

        Plaintiff,

vs.

        Case No.: 6:11-CV-356-ORL-19GJK

PACESETTERS PERSONNEL SERVICES,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN O. SWAYZE (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues PACESETTER PERSONNEL SERVICES (hereinafter referred to as "Defendant"), and states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his former employer for unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and reasonable attorney's fees.

### JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b).

### VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## THE PARTIES

4. Plaintiff, JOHN O. SWAYZE, was at all times material, employed by Defendant, PACESETTER PERSONNEL SERVICES, from approximately 1994 through May 2010, as a general laborer at its business in Orlando, Florida.

5. The Defendant, PACESETTER PERSONNEL SERVICES, is a Texas corporation in the business of operating a business that provides temporary general labor in the State of Florida. Defendant, PACESETTER PERSONNEL SERVICES, is an "employer" as defined by 29 U.S.C. §203(d). Defendant, PACESETTER PERSONNEL SERVICES, has employees subject to the provisions of the FLSA, 29 U.S.C. §206, in the facility where Plaintiff was employed.

6. Plaintiff, JOHN O. SWAYZE, was an employee of Defendant, PACESETTER PERSONNEL SERVICES and, at all times relevant to violations of the Fair Labor Standards Act, was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1). Plaintiff was directly engaged in commerce.

7. Alternatively, Defendant, PACESETTER PERSONNEL SERVICES, is an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. §203(s)(1).

8. Defendant is an enterprise whose annual gross volume of sales is not less than $500,000.00.

9. Plaintiff has retained Budgen Law Group to represent him in this matter and has agreed to pay said firm reasonable attorney's fees for its services.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

10. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 9, above.

11. Throughout the employment of Plaintiff, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, from approximately February 2008 through May 2010, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

WHEREFORE, Plaintiff demands a judgment against Defendant, jointly and severally for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) Reasonable attorney's fees and costs; and

(e) Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: 3/7/11

L. TODD BUDGEN, ESQ.
Bar No.: 0296960
BUDGEN LAW GROUP
400 North Bumby Avenue
Orlando, Florida 32803
Tel.: (407) 481-2888
Fax: (407) 313-1119
Trial Counsel for Plaintiff
Email: tbudgen@mywagefirm.com